UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ANGELICA RODRIGUEZ IANF § <br> C.R., R.R, AND J.R., § <br> PLAINTIFFS § <br> § <br> VS. § <br> § <br> UNITED STATES OF AMERICA § <br> DEFENDANT | CIVIL ACTION NO. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COME NOW** Plaintiffs Angelica Rodriguez IANF C.R., R.R., and J.R., by and through their attorneys, Thomas J. Henry Law, PLLC, now come before this Court and complain of the United States of America, (hereinafter "USA"), as follows:

### I.     PARTIES

1. **ANGELICA RODRIGUEZ** is an individual residing in Nueces County, Texas, and thus a resident of the Southern District of Texas.

2. **ANGELICA RODRIGUEZ IANF C.R.** is an individual residing in Nueces County, Texas, and thus a resident of the Southern District of Texas.

3. **ANGELICA RODRIGUEZ IANF R.R.** is an individual residing in Nueces County, Texas, and thus a resident of the Southern District of Texas.

4. **ANGELICA RODRIGUEZ IANF J.R.** is an individual residing in Nueces County, Texas, and thus a resident of the Southern District of Texas.

5. The Defendant is the **UNITED STATES OF AMERICA** (hereinafter "USA" or "the Defendant"). The Defendant, the USA, may be served with summons upon Merrick Garland, United

States Attorney General, at The Department of Justice, 10th and Constitution Avenue, N.W., Washington, D.C., 20530 and the Civil Process Clerk, agent for service of process for the United States Attorney for the Southern District of Texas, at 1000 Louisiana, Ste. 2300, Houston, Texas 77002.

## II.    JURISDICTION AND VENUE

6. The claims herein are brought against the USA pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 et seq. and 28 U.S.C. §1346(b) for money damages as compensation for loss of property and personal injuries that were caused by the negligent and wrongful acts and omissions of employees of the USA while acting within the course and scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiffs in accordance with the laws of the State of Texas.

7. Venue is proper under 28 U.S.C. §1391(e)(1) in that plaintiff resides in Nueces County, Texas, which is within the Southern District of Texas – Corpus Christi Division.

8. Plaintiff requests a trial by jury.

## III.    CONDITIONS PRECEDENT

9. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

10. This suit has been timely filed, in that Plaintiffs timely served notice of their claims on the appropriate Federal Agency and no final disposition of the claim was made within six months after it was filed.

## IV.    SUMMARY

11. On or about April 26, 2021, the Plaintiffs, ANGELICA RODRIGUEZ IANF C.R., R.R., and J.R. were on Matteson Street in Corpus Christi, Texas, when Chavez Manuel, who was operating a United States Postal Service Truck, suddenly and without warning, made an improper start from a parked position and struck the vehicle that plaintiffs were traveling in. Chavez Manuel was at all

times acting in the course and scope of his employment with the United States of America and the United States Postal Service.

## V.   COUNT 1 – NEGLIGENCE

12. Plaintiffs incorporate by reference herein all allegations set forth above.

13. On April 26, 2021, Plaintiffs ANGELICA RODRIGUEZ IANF C.R., R.R., and J.R. were traveling on Matteson Street in Corpus Christi, Nueces County, Texas.

14. The Defendant's employee was operating a United States Postal Service Truck, suddenly and without warning, made an improper start from a parked position and struck the vehicle that plaintiffs were traveling in.

15. At all times relevant hereto, the Defendant's employee was acting within the course and scope of his office and employment with Defendant, the United States of America, specifically as a member of the United States Postal Service.

16. The Defendant's employee operated the vehicle in a negligent manner and violated the duty which he owed the Plaintiff to exercise ordinary care in the operation of the motor vehicle in one or more of the following respects:

    a. In making an improper start from a parked position;

    b. in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

    c. in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

    d. in failing to turn the vehicle in an effort to avoid the collision in question;

    e. in failing to sound horn to warn of imminent danger;

    f. in failing to yield the right of way;

    g. if failing to yield the right of way when turning left; and

   h.  in turning when unsafe.

17.    Each and all of the foregoing acts and/or omissions were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and was a proximate cause of Plaintiffs' injuries and damages.

## VI.    DAMAGES

18.    As a direct and proximate result of the negligent acts and omissions of the Defendant, Plaintiff suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since this incident.  These injuries may be permanent in nature. The injuries have had an effect on the Plaintiff's health and well-being.  As a further result of the nature and consequences of their injuries, the Plaintiffs have suffered and may continue to suffer into the future, physical pain and mental anguish.

19.    As a further result of all of the above, Plaintiffs have incurred expenses for their medical care and attention.  These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of.  The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

20.    As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that they will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

21.    By reason of all of the above, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of this Court for which they now sue.

## VII.    INTEREST

22.    Plaintiffs further request both pre-judgment and post-judgment interest on all their damages as allowed by law.

## VIII.    JURY DEMAND

23.    Plaintiff demands a trial by jury and tender payment this date of the required jury fee.

## IX. PRAYER FOR RELIEF

24. WHEREFORE, Plaintiff is entitled to damages from the United States of America and hereby prays that judgment be entered in his favor and against the United States of America as follows:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Loss of past wages;
12. Loss of future wages;
13. Loss of wage-earning capacity; and
14. Loss of consortium.

Plaintiff further seeks any further and additional relief at law or in equity that this Court may deem appropriate or proper.

Respectfully submitted,

Thomas J. Henry Law, PLLC

By: /s/ *Spencer J. Breunig*
Spencer J. Breunig
Federal ID No. 1196242
State Bar No. 24109659
sbreunig@tjhlaw.com
521 Starr Street
Corpus Christi, Texas 78401
Telephone: (361) 985-0600
Facsimile: (361) 985-0601